IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Charles Deland Jackson, Jr., )
    Petitioner, )
     )
v. ) 1:09cv1157 (JCC/IDD)
     )
Warden, Buckingham Correctional Center, )
    Respondent. )

## MEMORANDUM OPINION

Charles Deland Jackson, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Richmond, Virginia of aggravated sexual battery. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Jackson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on November 1, 2010. For the reasons that follow, Jackson's claims must be dismissed.

### I. Background

Jackson shared a bedroom with Keisha Tolliver and Tolliver's seven-year-old and ten-year-old daughters in Tolliver's mother's home. See Va. Ct. App., April 5, 2007, at 3, ECF No. 17-2. Jackson helped care for Tolliver's daughters and disciplined them. On December 7, 2005, Jackson returned from work and asked Tolliver if they could have sex. Tolliver said no because she had taken a sleeping pill and was sleepy. Id. Shortly thereafter, Tolliver fell asleep. Tolliver's ten-year-old daughter—the victim—was asleep on a pallet in her mother's bedroom when Jackson asked her to taste something. She refused and went back to sleep, but woke up when Jackson put his penis in her "butt." Id. She did not scream because she was too scared,

1

but she woke up her seven-year-old sister and said that Jackson was "in her butt." The seven-year-old went into the bathroom and saw Jackson on the pallet next to the victim. Id. The next morning, the seven-year-old told Tolliver that the victim had something to tell her. After the victim told Tolliver what happened, Tolliver took the victim to the hospital. An examination showed erythema (redness) on the entire vaginal area and a deep anal fissure. Id.

On September 21, 2006 after a bench trial, Jackson was found guilty of aggravated sexual battery. Commonwealth v. Jackson, Case No. CR06-F-0499. The court sentenced him to twenty years incarceration with twelve years suspended. Jackson pursued a direct appeal to the Court of Appeals of Virginia, arguing that (1) the trial court violated his Sixth Amendment right to counsel when it refused his request for a continuance to retain counsel, and (2) the evidence was insufficient to support his conviction. The Court of Appeals initially denied the petition for appeal on April 5, 2007, and a three-judge panel denied the petition for appeal on June 14, 2007. Jackson v. Commonwealth, R. No. 2499-06-2 (Va. Ct. App. June 14, 2007). On October 24, 2007, the Supreme Court of Virginia refused Jackson's petition for appeal. Jackson v. Commonwealth, R. No. 071418 (Va. Oct. 24, 2007).

Jackson then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

    (a) DNA evidence was inconsistent with his DNA, in violation of his constitutional rights.

    (b) Conflicting expert opinions created a credibility battle and a question of fact.

    (c) His Sixth Amendment right to counsel was violated.

    (d) Prosecutorial misconduct.

    (e) Ineffective assistance of counsel.[1]

---

[1] Claims (a) through (e) were raised in the petition that was filed, whereas claims (f) through (l) were raised only in petitioner's memorandum in support of his petition.

(f) The evidence of misconduct on December 7, 2005 was insufficient to support his conviction.

(g) The trial court erred in refusing to grant him a continuance in order to retain counsel of his choice.

(h) Prosecutorial misconduct because the Commonwealth (i) allowed witnesses to commit perjury, (ii) expressed the personal opinion that the juvenile witnesses would suffer a traumatic experience if the continuance was granted, and (iii) accepted the juvenile witnesses as competent then argued that their ages rendered them incapable of remembering specific details.

(i) He received ineffective assistance of counsel when (i) counsel failed to impeach the testimony of the victim and the Commonwealth's material witness, (ii) counsel failed to object to highly prejudicial and biased questions asked by the prosecutor, (iii) counsel failed to use information provided by the petitioner to prove his innocence, (iv) counsel failed to object to the Commonwealth's expert witness's testimony, (v) counsel failed to conduct an independent examination of the facts, circumstances, pleadings, and laws, and (vi) counsel had a conflict of interest that prevented him from raising reasonable arguments.

(j) The trial court was biased and showed undue prejudice by failing to grant petitioner's motion for a continuance in order to retain new counsel.

(k) His conviction was based on evidence known to be false.

(l) The evidence was insufficient to establish guilt beyond a reasonable doubt.

See Va. Sup. Ct. Op., June 3, 2009, ECF No. 17-4. The court refused the petition on June 3, 2009 and refused the petition for rehearing on September 22, 2009. Jackson v. Warden, Buckingham Correctional Center, Case No. 082152. On December 7, 2009, Jackson filed the instant federal habeas petition,[2] raising the following claims:

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner filed a "Notice: Petition for Appeal of Writ of Habeas Corpus" dated October 1, 2009, in which he stated that he would be filing his petition within two weeks. In the petition that was received by

3

(1) The evidence of misconduct on December 7, 2005 was insufficient to support his conviction.

(2) The trial court erred in refusing to grant him a continuance in order to retain counsel of his choice.

(3) Prosecutorial misconduct because the Commonwealth (a) allowed witnesses to commit perjury, (b) expressed the personal opinion that the juvenile witnesses would suffer a traumatic experience if the continuance was granted, and (c) accepted the juvenile witnesses as competent then argued that their ages rendered them incapable of remembering specific details.

(4) He received ineffective assistance of counsel when counsel failed to (a) impeach the testimony of the victim and the Commonwealth's material witness, (b) object to highly prejudicial and biased questions asked by the prosecutor, (c) use information provided by the petitioner to prove his innocence, (d) object to the Commonwealth's expert witness's testimony, (e) conduct an independent examination of the facts, circumstances, pleadings, and laws, and also when counsel (f) had a conflict of interest that prevented him from raising reasonable arguments.

(5) The trial court was biased and showed undue prejudice by failing to grant petitioner's motion for a continuance in order to retain new counsel.

(6) His conviction was based on evidence known to be false.

(7) The evidence was insufficient to establish guilt beyond a reasonable doubt.

Based on the pleadings and record before this Court, it is uncontested that Jackson exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Procedural Default

Claims (3)(a)-(c), (5), and (6) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed,

---

the Court on January 7, 2010, petitioner states that he placed the petition in the prison mailing system on December 7, 2009.

4

489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed petitioner's claims (3)(a)-(c), (5), and (6) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in the brief in support of motion to dismiss, and petitioner was provided the opportunity to address this issue in his reply. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999). In his reply, petitioner argues that his claims should not be dismissed as procedurally defaulted because he is illiterate and untrained in the law so dismissing these claims as procedurally defaulted would be a manifest injustice, and the claims were not raised in direct appeal due to ineffective assistance of counsel. See Reply, ECF No. 20.

The existence of cause normally turns upon a showing of (1) denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Jackson cannot rely on the ineffectiveness of his counsel to

5

excuse his procedural default of these claims because, as will be discussed, Jackson has not shown that the state court's rejection of his claims of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law. Additionally, Jackson's lack of training in the law does not constitute cause for his procedural default because it is not a factor external to the defense. Jackson has thus failed to show cause for his procedural default, and the Court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding), cert. denied, 517 U.S. 1171 (1996).

Moreover, Jackson has not demonstrated that a fundamental miscarriage of justice will result from the procedural default of these claims. His claim of actual innocence, which if valid would overcome the default, is here wholly without factual support. To the contrary, the trial record amply supports a finding of guilt beyond a reasonable doubt. Because Jackson has failed to show cause and prejudice or a fundamental miscarriage of justice, claims (3)(a)-(c), (5), and (6) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default and will be dismissed.

Jackson exhausted remaining claims (1), (2), (4), and (7) as required under 28 U.S.C. § 2254, and they will therefore be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a

state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

A. Insufficient Evidence

In claims (1) and (7), Jackson argues that evidence at trial was insufficient to support his conviction. The standard for analyzing a claim of insufficiency of the evidence for purposes of a federal due process analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Jackson has failed to demonstrate that the state courts' decisions to reject these claims were contrary to, or an

7

unreasonable application of, clearly established federal law. Therefore, claims (1) and (7) will be dismissed.

In claim (1), Jackson argues that the evidence was insufficient to support the aggravated sexual battery conviction based on the December 7, 2005 conduct because the physical evidence failed to substantiate sexual contact and the testimony of the victim was both inherently incredible and contradicted by other witnesses for the Commonwealth. In claim (7), Jackson argues that the evidence was insufficient to establish guilt beyond a reasonable doubt of every element of aggravated sexual battery.

The Court of Appeals of Virginia rejected these arguments on the merits, and its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Court of Appeals reasoned:

> The trial judge heard the testimony of the witnesses, observed their demeanor, and evaluated any inconsistencies in their testimony. [Jackson] was charged with forcible sodomy and aggravated sexual battery. After evaluating the evidence, the trial judge determined the evidence was sufficient to prove the aggravated sexual battery charge, but insufficient to prove the forcible sodomy charge. The trial judge necessarily rejected [Jackson's] defense that Tolliver's daughters were fabricating the charges because he had disciplined them. The trial judge stated that the victim's testimony was credible and the medical evidence corroborated her testimony. Based upon a review of the evidence, the trial judge's judgment was not plainly wrong and was supported by the evidence. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Jackson] was guilty of aggravated sexual battery.

See Va. Ct. App., April 5, 2007, at 4, ECF 17-2. In reviewing the state court's decision, Jackson fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

8

Although the Court of Appeals of Virginia did not explicitly cite the federal standard, the court did not arrive at a different conclusion that the Supreme Court of the United States on a question of law because its reasoning comports with the standard from Jackson. Therefore, its determination was not "contrary to" clearly established federal law. Furthermore, the Court of Appeals of Virginia's decision was not an unreasonable application of clearly established federal law because the court applied the correct legal principle reasonably to the facts of the case. See Williams, 529 U.S. at 413. The court recognized that the evidence showed that Jackson's "penis touched the child's genital area." See Va. Ct. App., April 5, 2007, at n.1, ECF 17-2. Jackson has not rebutted this determination of the facts by clear and convincing evidence, so this Court must presume that the state court's factual findings are sound. See Miller-El, 545 U.S. at 240 (quoting 28 U.S.C. 2254(e)(1)). The Court of Appeals of Virginia reasonably concluded that this evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that Jackson was guilty of aggravated sexual battery. Therefore, claims (1) and (7) will be dismissed.

B. The Trial Court Erred by Refusing to Grant a Continuance

In claim (2), Jackson argues that the trial court violated his Sixth Amendment right to counsel by refusing to grant his request for a continuance to retain counsel of his choice. The Court of Appeals of Virginia rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the court dismissed the claim by concluding that the trial court did not abuse its discretion by denying Jackson's request for a continuance. In reviewing the state court's decision as to claim (2), Jackson fails to show that

the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

The Court of Appeals of Virginia recognized that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." See Va. Ct. App., April 5, 2007, at 1-2, ECF 17-2 (citing Morris v. Slappy, 461 U.S. 1, 11-12 (1983)). Because the Court of Appeals of Virginia cited the relevant holding from a case decided by the Supreme Court of the United States, its decision was not contrary to federal law. See Williams, 529 U.S. at 413. Moreover, the Court of Appeals of Virginia's decision was not an unreasonable application of federal law because the court reasonably applied Morris's holding to the facts of Jackson's case. Id. Specifically, the Court of Appeals of Virginia noted that the trial had been continued twice already, and that the trial judge had stated "this case has been pending for some time, and the Commonwealth is ready to go forward. Your attorney has represented he's ready to go forward." See Va. Ct. App., April 5, 2007, at 2, ECF 17-2. Its conclusion that the trial court had not abused its discretion by denying the request for a continuance was a reasonable application of federal law.

Finally, Jackson has failed to show that the Court of Appeals of Virginia's decision was based on an unreasonable determination of the facts because he has failed to rebut the presumption that the court's factual findings were correct by clear and convincing evidence. See Miller-El, 545 U.S. at 240. Specifically, Jackson does not deny that the trial had been continued twice and that both the Commonwealth and his appointed counsel represented that they were ready to proceed. Therefore, claim (2) will be dismissed.

## C. Ineffective Assistance of Counsel

In claims (3)(a)-(e), Jackson argues counsel provided ineffective assistance of counsel. The Supreme Court of Virginia rejected these claims on the merits. Specifically, the Supreme Court of Virginia dismissed the claims as failing to satisfy either prong from the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). In reviewing the state court's decision as to claims (3)(a)-(e), Jackson fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir.

11

2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

To evaluate Jackson's claims of ineffective assistance of counsel, the Supreme Court of Virginia explicitly relied on the two-prong test from Strickland. See Va. Sup. Ct., June 3, 2009, at 4-6, ECF No. 17-4. Jackson has therefore failed to show that its decisions on his ineffective assistance claims were "contrary to" clearly established federal law. See Williams, 529 U.S. at 413. Moreover, for each allegation of ineffective assistance, the Supreme Court of Virginia reasonably applied the Strickland standard to the facts of Jackson's case in finding that counsel's performance was not deficient and that Jackson had failed to demonstrate that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

In claim (3)(a), Jackson argues that counsel failed to impeach the testimony of the victim and the Commonwealth's material witness. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because Jackson failed to articulate how the testimony could have been impeached. See Va. Sup. Ct., June 3, 2009, at 4, ECF No. 17-4. In claim (3)(b), Jackson argues that counsel failed to object to highly prejudicial and biased questions asked by the prosecutor. The Supreme Court of

12

Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because the record indicated that counsel made several objections to questions and evidence he deemed inappropriate, and Jackson failed to specify which questions he found prejudicial or biased. See Va. Sup. Ct., June 3, 2009, at 4, ECF No. 17-4. In claim (3)(c), Jackson argues that counsel failed to use information provided by the petitioner to prove his innocence. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because Jackson failed to identify what information he provided to counsel that counsel did not use or how that information would have helped to prove his innocence. See Va. Sup. Ct., June 3, 2009, at 4-5, ECF No. 17-4. In claim (3)(d), Jackson argues that counsel failed to object to the Commonwealth's expert witness's testimony about how one can develop an anal fissure. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because Jackson failed to state a valid legal basis upon which counsel could have objected to the testimony. See Va. Sup. Ct., June 3, 2009, at 5, ECF No. 17-4. In claim (3)(e), Jackson argues that counsel failed to conduct an independent examination of the facts, circumstances, pleadings, and law. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because Jackson failed to articulate what such an independent examination would have revealed and did not identify any evidence that counsel failed to uncover. See Va. Sup. Ct., June 3, 2009, at 5-6, ECF No. 17-4. In claim (3)(f), Jackson argues that counsel had a conflict of interest that prevented him from raising reasonable arguments. The Supreme Court of Virginia held that this claim failed to satisfy either the performance prong or the prejudice prong of the Strickland standard because Jackson failed to explain the nature of the conflict and did not

demonstrate how counsel's actions resulted from the conflict. See Va. Sup. Ct., June 3, 2009, at 6, ECF No. 17-4. The Supreme Court of Virginia's explanations for each of these holdings demonstrate that the Court reasonably applied the Strickland standard to the facts of Jackson's case.

Finally, Jackson has failed to show that the Supreme Court Virginia's decisions were based on an unreasonable determination of the facts because he has failed to rebut the presumption that the court's factual findings were correct by clear and convincing evidence. See Miller-El, 545 U.S. at 240. Therefore, claims (3)(a)-(e) will be dismissed.

## V. Conclusion

For the above stated reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 20th day of April 2011.

Alexandria, Virginia

/s/ 
Liam O'Grady
United States District Judge

14